UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| PUEBLO VIEJO DOMINICANA JERSEY 2 LIMITED,<br><br>*Applicant*,<br><br>*IN RE* EX PARTE APPLICATION OF PUEBLO VIEJO DOMINICANA JERSEY 2 LIMITED FOR AN ORDER PURSUANT TO 28 U.S.C. § 1782 TO CONDUCT DISCOVERY FOR USE IN FOREIGN PROCEEDINGS | Case No. 25-mc-124 (TJK) |

**MEMORANDUM ORDER**

Pueblo Viejo Dominicana Jersey 2 Limited ("Pueblo Viejo") seeks an order under 28 U.S.C. § 1782(a) compelling discovery for use in two foreign proceedings pending in the Superior Administrative Court of the Dominican Republic. *See* Application, ECF No. 1. Specifically, it seeks leave to serve a subpoena for the production of documents on Earthworks to defend against efforts to cancel Pueblo Viejo's environmental license to build a "tailings facility," which would "effectively halt its mining operations in the Dominican Republic." ECF No. 1-1 at 5. Because the relevant law permits the discovery Pueblo Viejo seeks, the Court will grant the application and order Earthworks to respond to Pueblo Viejo's discovery requests.

Pueblo Viejo "owns and operates an open-pit gold and silver mine" in the Dominican Republic and is building a new waste-storage facility, known as a "tailings facility." ECF No. 1-1 at 6. To proceed with that project, Pueblo Viejo had to conduct an Environmental Impact Study ("EIS") and apply for a license from the Ministry of Environmental and Natural Resources. *Id.* at

6–7.  The EIS was completed in October 2022, the license issued in 2023, and Pueblo Viejo started its project "shortly" after.  *Id.* at 7.  In May 2025, local non-governmental organizations filed "parallel actions" before the Superior Administrative Court of the Dominican Republic ("Dominican courts") seeking injunctions to cancel the permit and halt the project.  *Id.*  The "centerpiece of these actions," Pueblo Viejo says, "is a report" criticizing the EIS "authored by Dr. Steven Emerman" with "the support of Earthworks"—a non-governmental organization headquartered in the District of Columbia.  *Id.*; *id.* at 9–10.  Pueblo Viejo now seeks documents from Earthworks to "defend against the allegations" about the "supposed shortcomings in [its] 2022 EIS."  *Id.* at 12.  Both actions are "expedited" and "designed for resolution at a single hearing covering both evidence and legal arguments," *id.* at 10, and Pueblo Viejo intends to use the requested documents to "impeach Dr. Emerman's evidence" and show "the lack of scientific rigor supporting [his] Report—a critical element of [its] defense" in those proceedings, *id.* at 12–13.  "As the entity that engaged Dr. Emerman and provided 'support,'" Pueblo Viejo expects Earthworks to "have relevant knowledge and documents" about his "engagement and funding sources," any "instructions or guidance" he received, "the identity of others involved in the Report's preparation or review, and the Report's intended purpose."  *Id.* at 12.  The requested documents "may also shed light on Earthworks' role in shaping the Report's direction, methodology, and conclusions."  *Id.*

Two layers of legal standards govern Pueblo Viejos's request: three statutory requirements in 28 U.S.C. § 1782(a), and, if those requirements are met, four discretionary considerations described by the Supreme Court in *Intel Corporation v. Advanced Micro Devices, Inc.*, 542 U.S. 241, 247 (2004).  *See In re Pishevar*, No. 21-mc-105, 2023 WL 2072454, at *2–4 (D.D.C. Feb.

17, 2023). Pueblo Viejo satisfies the statutory requirements, and the discretionary considerations favor allowing the requested discovery. So the Court will grant the application.

Start with the statutory requirements. Section 1782 permits district courts to provide evidence-gathering assistance for use in foreign tribunals, including "on an *ex parte* basis." *In re Pishevar*, 2023 WL 2072454, at *2. *Ex parte* consideration is "justified by the fact that the parties from whom discovery is sought will be given adequate notice of any discovery taken pursuant to the request and will then have the opportunity to move to quash the discovery or to participate in it." *In re Masters*, 315 F. Supp. 3d 269, 272 (D.D.C. 2018) (cleaned up and citation omitted). The applicant must satisfy three requirements to obtain discovery: (1) the person from whom discovery sought must "reside in or be found within the district"; (2) the discovery must be "for use in a proceeding before a foreign or international tribunal"; and (3) the application must be made by such a tribunal "or any interested person." *In re DiGiulian*, 314 F. Supp. 3d 1, 6 (D.D.C. 2018) (citation omitted).

Pueblo Viejo satisfies all three. First, Earthworks, the entity "from whom" it seeks discovery is headquartered in this district. ECF No. 1-3 ("Frischknecht Decl.") ¶¶ 3–4; ECF Nos. 1-5, 1-6; *see In re Pishevar*, 2023 WL 2072454, at *2 ("A corporation is 'found within' the district where it is headquartered or incorporated."). Second, Pueblo Viejo seeks documents "for use" in pending proceedings before Dominican courts to rebut and impeach opinions contained in a report it says was prepared with Earthworks' "support" and is "front and center" in both actions. ECF No. 1-7 ("Reyes Decl.") ¶¶ 16–17, 26; *see Intel*, 542 U.S. at 247 (the foreign proceeding "must be in reasonable contemplation," but need not be "imminent"). And third, as a party to those proceedings, Pueblo Viejo "[n]o doubt" is an "'interested person[]' who may invoke § 1782." *Intel*, 542 U.S. at 256.

3

Because Pueblo Viejo meets the statutory requirements, the Court moves to the four discretionary factors in *Intel*: (1) whether "the person from whom discovery is sought is a participant in the foreign proceeding"; (2) the nature and character of the foreign proceedings, and the foreign court's receptivity "to U.S. federal-court judicial assistance"; (3) whether the "request conceals an attempt to circumvent foreign proof-gathering restrictions or other policies of a foreign country or the United States"; and (4) whether the request is "unduly intrusive or burdensome." 542 U.S. at 264–65. All these factors favor Pueblo Viejo.

The first factor supports Pueblo Viejo because Earthworks is not a party to the Dominican proceedings, Reyes Decl. ¶ 31, so "the discovery cannot be compelled through" the Dominican courts, *Matter of de Leon*, No. 19-mc-0197 (TSC), 2020 WL 1047742, at *2 (D.D.C. Mar. 4, 2020). Thus, the "evidence" Pueblo Viejo seeks "may be []obtainable" only through this application under § 1782(a). *Intel*, 542 U.S. at 264; Reyes Decl. ¶¶ 31–32; *see In re Pishevar*, 2023 WL 2072454, at *3 (first factor favored applicant because the target of the subpoenas was a "nonparticipant in the matter arising abroad").

The second and third factors also point toward Pueblo Viejo. On the second, U.S. courts "presume that foreign tribunals will be receptive to evidence obtained here," absent "authoritative proof" otherwise. *In re Pishevar*, 2023 WL 2072454, at *3. Pueblo Viejo's declarant explains that the relevant proceedings are "governed by the principles of 'freedom of proof'" and that "Dominican courts will admit" the evidence "as long as it is translated into Spanish." Reyes Decl. ¶ 33. Other federal courts have found "no evidence to suggest that" courts in "the Dominican Republic . . . would be unreceptive to" discovery obtained in the United States, *In re Rodriguez Guillen*, No. 20-mc-102, 2020 WL 3497002, at *3 (S.D.N.Y. June 29, 2020), and nothing in the record before this Court suggests otherwise. *See also Matter of HES (Caribbean) Int'l Holdings,*

4

*S.R.L.*, No. 20-cv-506, 2020 WL 728892, at *3 (D.N.J. Feb. 13, 2020).  Relatedly, on the third factor, there is no evidence that discovery under § 1782(a) would circumvent "proof-gathering restriction" imposed by Dominican or U.S. law.  And although Pueblo Viejo's declarant does not entirely foreclose a "limited" (though "highly unlikely") possibility of obtaining at least some relevant documents by making such a request in the Dominican courts, Reyes Decl. ¶ 32, "an applicant is not required to exhaust foreign options before requesting that a district court grant" a § 1782(a) application, *Matter of HES*, 2020 WL 728892, at *4.  More, that Dominican courts appear to "receive and consider the evidence indicates that the request would not" run afoul any "foreign proof-gathering restrictions or other policies." *Matter of de Leon*, 2020 WL 1047742, at *3.

      Finally, the last factor favors granting Pueblo Viejo's application because the subpoena does not appear to contain unduly intrusive or burdensome requests.  In considering this factor, courts look to "the relevance of the requested discovery," *e.g.*, *Matter of de Leon*, 2020 WL 1047742, at *3, and Pueblo Viejo's proposed document-production requests appear tailored to the relevant issues in the Dominican proceedings.  *See* Proposed Subpoena, ECF No. 1-4.  It seeks documents relating to Dr. Emerman's engagement, analysis, and production of the report at issue there and communications between him and entities who procured, funded, or used his report.  *Id.* at 10–12.  The plaintiffs in both injunction proceedings rely on the opinions he expresses about the allegedly deficient EIS, so the requested documents appear relevant to Pueblo Viejo's "ability to defend" itself.  ECF No. 1-1 at 20.  And "because the Federal Rules of Civil Procedure apply to a subpoena issued under Section 1782," Earthworks "will have an opportunity to object" to it "on burdensomeness and related grounds under Rule 45(d)." *In re Pishevar*, 2023 WL 2072454, at *4.  So the Court can modify or even quash it later on, if need be.  *Id.*

In sum, the Court has authority to grant Pueblo Viejo's § 1782 request, and the discretionary *Intel* factors favor doing so. For these reasons, it is hereby

**ORDERED** that Pueblo Viejo's *Ex Parte* Application for an Order Pursuant to 28 U.S.C. § 1782 To Conduct Discovery for Use in Foreign Proceedings, ECF No. 1, is **GRANTED**; it is further

**ORDERED** that Pueblo Viejo shall serve Earthworks with the subpoena attached as Exhibit A to the Frischknecht Declaration, ECF No. 1-4, along with a copy of the Court's Order; it is further

**ORDERED** that Earthworks is directed to produce the documents in its possession, custody, and/or control, as requested in the subpoena, within 30 days following service of the subpoena; and it is further

**ORDERED** that the Federal Rules of Civil Procedure shall govern the requested discovery, and nothing in this Order shall be construed as limiting Earthworks' right to challenge the subpoena under Rule 45.

**SO ORDERED**.

.

/s/ Timothy J. Kelly
TIMOTHY J. KELLY
United States District Judge

Date: July 29, 2025