# EXHIBIT A

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT
for the
_____ District of _____

| | ) | |
|---|---|---|
| *Plaintiff* | ) | |
| v. | ) | Civil Action No. |
| | ) | |
| | ) | |
| *Defendant* | ) | |

**SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION**

To:

*(Name of person to whom this subpoena is directed)*

❒ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material:

| Place: | Date and Time: |
|---|---|
| | |

❒ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|
| | |

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: _____

*CLERK OF COURT*

OR

_____          _____
*Signature of Clerk or Deputy Clerk*                  *Attorney's signature*

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)* _____
_____ , who issues or requests this subpoena, are:

**Notice to the person who issues or requests this subpoena**
If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88B  (Rev.  02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No.

# PROOF OF SERVICE

*(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____ .

❒ I served the subpoena by delivering a copy to the named person as follows: _____

_____ on *(date)* _____ ; or

❒ I returned the subpoena unexecuted because: _____

_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $ _____ .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc.:

AO 88B  (Rev.  02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action(Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

  **(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
    **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
    **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
      **(i)** is a party or a party's officer; or
      **(ii)** is commanded to attend a trial and would not incur substantial expense.

  **(2)** *For Other Discovery.* A subpoena may command:
    **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
    **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

  **(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

  **(2)** *Command to Produce Materials or Permit Inspection.*
    **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
    **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
      **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
      **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

  **(3)** *Quashing or Modifying a Subpoena.*
    **(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
      **(i)** fails to allow a reasonable time to comply;
      **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
      **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
      **(iv)** subjects a person to undue burden.
    **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
       **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or

      **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
    **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
      **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
      **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

  **(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
    **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
    **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
    **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
    **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

  **(2)** *Claiming Privilege or Protection.*
   **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
      **(i)** expressly make the claim; and
      **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
   **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

## SCHEDULE A

## DEFINITIONS

1. "Pueblo Viejo" means the named applicant in this proceeding and its parents, subsidiaries, affiliates, predecessors, successors, assigns, and their present and former officers, directors, agents, employees, partners, attorneys, and representatives, including but not limited to Barrick Mining Corporation f/k/a Barrick Gold Corporation and Newmont Corporation.

2. "You" or "Your" means Earthworks and its parents, subsidiaries, affiliates, predecessors, successors, assigns, and their present and former officers, directors, agents, employees, partners, attorneys, and representatives.

3. "Dr. Emerman" means Steven H. Emerman, Ph.D.

4. "Malach Consulting" means Malach Consulting LLC (a Utah corporation) and its parents, subsidiaries, affiliates, predecessors, successors, assigns, and their present and former officers, directors, agents, employees, partners, attorneys, and representatives.

5. "ENTRE" means Espacio Nacional por la Transparencia en Las Industrias Extractivas (a Dominican organization) and its parents, subsidiaries, affiliates, predecessors, successors, assigns, and their present and former officers, directors, agents, employees, partners, attorneys, and representatives, including, for the avoidance of doubt, Mr. Fernando Arturo Peña.

6. "ODPP-UASD" means Observatorio Dominicano de Politicas Publicas – Universidad Autónoma de Santo Domingo (a Dominican organization) and its parents, subsidiaries, affiliates, predecessors, successors, assigns, and their present and former officers, directors, agents, employees, partners, attorneys, and representatives, including, for the avoidance of doubt, Mr. Fernando Arturo Peña.

7. "Nuevo Renacer" means Comité Nuevo Renacer (a Dominican organization) and its parents, subsidiaries, affiliates, predecessors, successors, assigns, and their present and former officers, directors, agents, employees, partners, attorneys, and representatives.

8. "MiningWatch" means MiningWatch Canada (a Canadian organization) and its parents, subsidiaries, affiliates, predecessors, successors, assigns, and their present and former officers, directors, agents, employees, partners, attorneys, and representatives.

9. "INSAPROMA" means Instituto de Abogados para la Protección del Medio Ambiente, Inc. (a Dominican organization) and its parents, subsidiaries, affiliates, predecessors, successors, assigns, and their present and former officers, directors, agents, employees, partners, attorneys, and representatives.

10. "Red Socioambiental" means Red Socioambiental Nacional (a Dominican organization) and its parents, subsidiaries, affiliates, predecessors, successors, assigns, and their present and former officers, directors, agents, employees, partners, attorneys, and representatives.

11. "CNLCC" means Comité Nacional de Lucha contra el Cambio Climático (a Dominican organization) and any of its parents, subsidiaries, affiliates, predecessors, successors, assigns, and their present and former officers, directors, agents, employees, partners, attorneys, and representatives.

12. "GEMA" means Fundación Guayacan de Energía y Medio Ambiente (a Dominican organization) and any of its parents, subsidiaries, affiliates, predecessors, successors, assigns, and their present and former officers, directors, agents, employees, partners, attorneys, and representatives.

13. "Report" means the report entitled "Review of the Environmental Impact Study for a New Facility for Co-Disposal of Tailings and Waste Rock at the Barrick Gold Pueblo Viejo Mine, Dominican Republic" authored by Steven H. Emerman, Ph.D., dated August 20, 2023.

14. "Mine" means the Pueblo Viejo open-pit gold and silver mine located on the Montenegro Fiscal Reserve in the Sanchez Ramirez province, Dominican Republic.

15. "Project" means Pueblo Viejo's project to build a tailings storage facility in the region of El Naranjo, Dominican Republic.

16. "2022 EIS" means the Environmental Impact Study finalized by Pueblo Viejo in October 2022 as part of the Project.

17. "Dominican Proceedings" means the "constitutional action of extreme urgency" *(acción constitucional de amparo de extrema urgencia)* and the "preventative constitutional action" (*amparo constitucional preventivo*) filed by INSAPROMA, ODPP-UASD, ENTRE, GEMA, Red Socioambiental and CNLCC before the Superior Administrative Tribunal (*Tribunal Superior Administrativo*) against Pueblo Viejo and others on or around May 20, 2025.

18. "Emerman Report Response" means the press release published by Pueblo Viejo's controlling shareholder on October 3, 2023, available at http://q4live.s25.clientfiles.s3-website-us-east-1.amazonaws.com/322814910/files/doc_downloads/republica_dominicana/Emerman_Report_Response_03102023.pdf.

19. "Response to Rapporteur Statement" means the press release published by Pueblo Viejo's controlling shareholder on May 22, 2025, available at

3

https://www.barrick.com/English/operations/pueblo-viejo/response-to-UN-special-rapporteur-on-human-rights/default.aspx.

20. "Person" means any natural person and any corporation, partnership, association, joint venture, firm, or other business enterprise or legal entity, and any department, agency, office, bureau, or division of any government.

21. "Communication" means discussion, document, e-mail, fax, letter, meeting memorandum, negotiation, telephone call, and any other exchange or transmission of information, with any person, in any form.

22. "Document" is synonymous with the usage of that term in Rule 34 of the Federal Rules of Civil Procedure and is used herein in the broadest sense of the word, and includes, without limitation, the following: account records, account statements, bank records, bank statements, canceled checks and their images, deposited checks and their images, deposit slips, withdrawal slips, wire transfer instructions and receipts, certificates of deposit, e-mails, written statements, writings or reports (whether submitted monthly, quarterly, semi-annually, annually or otherwise), papers, notes, memoranda, correspondence, communications, invoices, memoranda of meetings or conversations, telephone records, computer tapes, computer printouts and other data compilations from which information can be obtained or translated, all electronic, mechanical, magnetic, optical or electric data, records or representations of any kind (including computer data, computer files, computer programs, hard drives, floppy disks, compact disks, tapes and cards existing on desktop computers, laptop computers, notebook computers, personal digital assistant computers, servers, backup tapes or any other medium), and any other

form of physical media. "Document" includes originals, drafts, and copies that differ in any respect from the original.

23. "Concerning" means relating to, referring to, describing, evidencing, or constituting.

24. "Refer" and "relate" have their common meanings, and include direct and indirect references to, descriptions of, discussions of, or commentary on the subject matter of the request.

25. "Including" means "including but not limited to."

26. "Request" refers to the documents requested herein.

## INSTRUCTIONS

1. Produce all documents as they are kept in the ordinary course of business, together with all labels, folders, jackets, covers, and other material associated with each Document.

2. "And" and "or" have conjunctive or disjunctive meanings, as required by context to bring within the scope of these requests any information that might be deemed outside of their scope by the other construction.

3. Produce all non-privileged documents responsive to these requests that are in your possession, custody, or control, wherever located.

4. If you object to a request in whole or in part, state the reason for your objection and produce documents in response to all parts of the request to which you do not object.

5. If you withhold any document based on an assertion of privilege, state the factual basis for your assertion and provide a description of each withheld document that includes:

  (a) the author(s) and sender(s) (if different) of the document;

  (b) the addressee(s) and recipient(s) (if different) of the document;

  (c) the date and type of the document;

  (d) the subject matter of the information withheld (in general terms);

  (e) the privilege asserted.

## DOCUMENTS REQUESTED

1. All documents and communications exchanged with Dr. Emerman, ENTRE, ODPP-UASD, MiningWatch, and Nuevo Renacer, up until and including publication of the Report and release of its findings on or about September 6, 2023, concerning:

  (a) The selection or engagement of Dr. Emerman or Malach Consulting, or other experts or firms, for review of the 2022 EIS and/or production of the Report, including the reasons for selecting Dr. Emerman or Malach Consulting for such engagement and the purpose of the Report;

  (b) Any instructions given to, or received from, Dr. Emerman, Malach Consulting, ENTRE, ODPP-UASD, MiningWatch, or Nuevo Renacer in relation to review of the 2022 EIS and/or production the Report;

  (c) Any financial support provided to Dr. Emerman or Malach Consulting in connection with their review of the 2022 EIS and/or production of the Report;

  (d) Any analysis performed by Dr. Emerman or by Malach Consulting concerning the Mine, the Project, or the 2022 EIS and any measurements, data and laboratory results that informed this analysis;

6

   (e) Discussion of drafts, excerpts, or summaries of the Report and the analysis contained therein;

   (f) Publication of the Report or any of its opinions, findings, analysis, recommendations or conclusions;

   (g) The purpose, intended uses, or intended audience of the Report or any of its opinions, findings, analysis, recommendations or conclusions;

   (h) Coordination or alignment of messaging with Dr. Emerman, Malach Consulting, ENTRE, ODPP-UASD, MiningWatch, or Nuevo Renacer regarding the Report or related advocacy campaigns;

   (i) Dr. Emerman's visit to Dominican Republic in July 2023 as part of preparation of the Report, including discussions about visiting the Mine and other existing or proposed facilities for the Project; and/or

   (j) participation, observation, or involvement in Pueblo Viejo's EIS process.

  2. Documents sufficient to show the number and scope of previous collaborations with Dr. Emerman or Malach Consulting prior to the Report.

  3. Any communications with ENTRE, ODPP-UASD, MiningWatch, Nuevo Renacer, INSAPROMA, Red Socioambiental, GEMA, and/or CNLCC concerning the Report or Dr. Emerman's analysis.

  4. Communications with third parties concerning request for, or receipt of, funds in support of the Report.

  5. All documents and communications related to drafting, reviewing, responding to, or discussing the following:

(a) The joint public statement issued on September 6, 2023 by You, ENTRE, MiningWatch and Dr. Emerman;

(b) The letters sent by Mark Bristow to You and others dated September 8, 2023 and October 1, 2023 involving the Report;

(c) The "Emerman Report Response" dated October 3, 2023; and/or

(d) The "Response to Rapporteur Statement" dated May 22, 2025.